IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GREG RUMBAUGH, Individually & On Behalf of all Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:19-cv-00075 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | § § § § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, GREG RUMBAUGH** and files this, his Original Class Action Complaint & Demand for Jury Trial, and in support thereof would respectfully show unto the Court as follows:

### I.

### PARTIES

1. **GREG RUMBAUGH** is an individual residing in the Eastern District of Texas.

2. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is a foreign mutual company duly conducting the business of insurance in this state from its principal place of business in Bloomington, Illinois. It may be served through its Attorney for Service, Corporation Service Company, at 211 East 7th Street, Austin, Texas 78701-3218.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (West 2019) in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the violation of the agreement all occurred in the Eastern District of Texas.

## III.

## NATURE OF SUIT

5. This is a suit alleging breach of contract and violations of the Texas Insurance Code brought by **RUMBAUGH** to recover statutory penalties and reasonable attorney's fees owed to him and the many other Texans to whom **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM")** failed timely to pay personal injury protection benefits.

## IV.

## LEGAL BACKGROUND

6. The Texas Insurance Code (the "Code") expressly provides that "*not later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall acknowledge receipt of the claim, commence any investigation of the claim*

   *and request from the claimant all items, statements and forms that the insurer reasonably believes, at that time, will be required from the claimant."* TEX. INS. CODE § 542.055(a) (West 2019).

7.  The Code likewise requires an insurer to *"notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements and forms required by the insurer to secure final proof of loss."* *Id.* at § 542.056(a).

8.  The Code further specifically provides that *"[i]f an insurer, after receiving all items, statements and forms reasonably requested and required, delays payment of a claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than sixty (60) days, the insurer shall pay damages and other items as provided by Texas Insurance Code § 542.060."* *Id.* at § 542.058.

9.  According to the express terms of § 542.060, an insurer which violates any of the foregoing strictures is *"liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages together with reasonable and necessary attorney's fees."* *Id.* at § 542.060.

10.  The damages to be awarded under § 542.060 of the Code are expressly "**_not exclusive_**" and are *"in addition to any other remedy or procedure provided by law or at common law."* *Id.* at § 542.061 (emphasis added).

11. With regard to personal injury protection coverage in particular, § 1952 of the Code requires an insurer to pay benefits "*periodically as claims for those benefits arise **but not later than the thirtieth (30) day after the insurer receives satisfactory proof of a claim***." *Id.* at § 1952.156(a)(emphasis added).

12. Section 1952.157 further provides that in the event an insurer "*fails to pay [personal injury protection benefits] when due, the person entitled to those benefits may bring an action in contract to recover the benefits.*" *Id.* at § 1952.157.

13. If an insurer is required to pay past due personal injury protection benefits, "*the person entitled to those benefits is entitled to recover reasonable attorney's fees, a penalty of 12% and interest at the legal rate from the date those amounts became overdue.*" *Id.* at § 1952.157.

## V.

## FACTUAL BACKGROUND

14. On or about November 7, 2017, **STATE FARM** issued a policy of automobile liability insurance to **RUMBAUGH** (the "Policy").

15. The Policy included $2,500.00 of personal injury protection.

16. On December 2, 2017, in Rusk County, Texas, **RUMBAUGH**'s minor son sustained bodily injuries in an automobile accident (the "Accident").

17. The Policy was in full force and effect at the time of the Accident.

18. On March 2, 2018, **RUMBAUGH** filed a claim demanding payment of the Policy's $2,500.00 of personal injury protection benefits (the "Claim").

4

19. **RUMBAUGH** provided **STATE FARM** with satisfactory proof of the Claim including documentation evidencing medical bills in excess of $600,000.00.

20. **STATE FARM** received the Claim and supporting documentation on March 2, 2018.

21. The Code required **STATE FARM** to acknowledge the Claim, commence its investigation and request all items, statements and forms reasonably required to process the Claim by March 17, 2018. *Cf.* TEX. INS. CODE at § 542.055(a).

22. **STATE FARM** received all items, statements and forms required by it to secure final proof of loss on March 2, 2018.

23. **STATE FARM** did not request any additional items, statements or forms from **RUMBAUGH** at any time prior to March 17, 2018.

24. Because it received all items, statements or forms required to process the Claim on March 2, 2018, the Code required **STATE FARM** to accept or reject the Claim not later than March 23, 2018. *Cf. id.* at § 542.055(c).

25. **STATE FARM** did not accept or reject the Claim prior to March 23, 2018.

26. Because it had received all items, statements or forms required to process the Claim on March 2, 2018, Sections 1952.156(a) and 542.058 of the Code required **STATE FARM** to pay the Claim not later than April 2, 2018. *Cf. id.* at §§ 542.058, 1952.156(a).

27. **STATE FARM** did not pay the Claim on or before April 2, 2018.

28. On April 23, 2018 — more than fifty (50) days after **STATE FARM's** receipt of all information required to process the Claim — **RUMBAUGH** notified **STATE**

   *FARM* that he had still not received the benefits to which he was entitled and again demanded that *STATE FARM* pay the Claim.

29.  *RUMBAUGH* further demanded that *STATE FARM* pay the applicable statutory penalties and reasonable attorney's fees.

30.  On April 25, 2018, *STATE FARM* represented to *RUMBAUGH* that it had approved the Claim on March 2, 2018 and issued a check for $2,500.00 on April 5, 2018 but mailed it to the wrong address.

31.  On April 25, 2018, *STATE FARM* re-issued *RUMBAUGH's* check for personal injury protection benefits and mailed it to the office of his attorney.

32.  Because it had failed to accept the Claim on or before March 23, 2018, *STATE FARM* included with its April 25, 2018 payment interest at the rate of 18% *per annum* as required by Texas Insurance Code § 542.058.

33.  In order to calculate the amount of the 18% *per annum* interest required by Texas Insurance Code § 542.058, *STATE FARM* internally determined —

  (a)  The date on which it received all items, statements & forms reasonably requested & required to process the Claim;

  (b)  The date by which it was required to accept or reject the Claim;

  (c)  The date by which it was required to pay the Claim and

  (d)  The date it actually paid the Claim.

34.  *STATE FARM* input the dates used for its 18% interest calculations into its claims information system.

35. Upon entry of the dates referenced above, the **STATE FARM** claims information system calculated the amount of the § 542.058 penalty owed.

36. The dates internally determined by S**TATE FARM** and input into its claims information system established that **STATE FARM** failed to pay the Claim not later than thirty (30) days after receipt of satisfactory proof of the Claim. *Cf. id.* at § 1952.156(a).

37. Nonetheless, **STATE FARM** did not pay **RUMBAUGH** the 12% penalty owed under Texas Insurance Code § 1952.157(b).

## *VI.*

## *BREACH OF CONTRACT*

38. **RUMBAUGH** would show the Court that **STATE FARM** failed to comply with the agreement contained in the Policy including the provisions of the Texas Insurance Code incorporated therein.

39. More specifically, the Policy and the Code require **STATE FARM** to pay personal injury protection benefits within thirty (30) days of its receipt of satisfactory proof of a claim.

40. **STATE FARM** received satisfactory proof of **RUMBAUGH's** claim on March 2, 2018.

41. The Policy and the Code required **STATE FARM** to pay personal injury protection benefits to **RUMBAUGH** not later than April 2, 2018. *Id.* at § 1952.156(a).

42. Nevertheless, **STATE FARM** did not issue its alleged mis-directed payment of personal injury protection benefits until April 5, 2018.

43. **STATE FARM** did not issue personal injury protection benefits to the correct address until April 25, 2018.

44. By either measure, **STATE FARM** failed to pay the Claim within the time provided by § 1952.156(a) of the Code.

45. **STATE FARM's** failure to timely pay personal injury protection benefits to **RUMBAUGH,** constitutes a material, unexcused breach of the parties' agreement.

## VII.

## CLASS ACTION ALLEGATIONS

### A.

### THE PROPOSED CLASS

46. The Class which **RUMBAUGH** seeks to represent is composed of all persons to whom **STATE FARM** paid Texas personal injury protection benefits more than thirty (30) days after the date on which **STATE FARM's** internal records reflect that it had received satisfactory proof of claim.

47. The Class specifically excludes all persons to whom **STATE FARM** paid Texas personal injury protection benefits more than four (4) years prior to the filing of this action and all persons to whom **STATE FARM** has previously paid the 12% penalty required by Texas Insurance Code § 1952.157(b).

48. The Class further specifically excludes the judges of this honorable court, the Justices of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

## B.

## THE REQUISITES OF RULE 23(a)

49. This class of individuals is sufficiently numerous and dispersed to make individual joinder patently impractical.

50. **STATE FARM** insures millions of individuals and entities across the state of Texas from whom/which it collects more than $3 billion in automobile insurance premiums each year.

51. Untold thousands of these Texans sustain bodily injuries in automobile accidents every year for which they seek prompt payment of personal injury protection benefits.

52. By definition, each of these Class Members will have received their benefits more than thirty days after they became due.

53. Each member of the proposed Class shares an interest the Court's determination of whether and to what extent **STATE FARM** is required to pay the 12% penalty provided by § 1952.157(b) of the Code.

54. **RUMBAUGH'S** claims are typical of the claims of the Class as a whole and there is no conflict of interest between **RUMBAUGH** and the proposed Class.

55. Further, **RUMBAUGH** has retained qualified and competent counsel to represent the interests of the Class. FED. R. CIV. P. 23(a).

## C.

## THE REQUISITES OF RULE 23(b)

56. This case may be maintained as a class action under Rule 23(b)(3), FED. R. CIV. P., in that issues of fact and law common to the class predominate over those affecting only individual class members and a class action is a superior means of resolving this dispute.

## VIII.

## *DAMAGES*

57. On behalf of himself and the entire Class, **RUMBAUGH** brings this action to recover a statutory penalty of 12% of the amount of benefits belatedly paid, interest at the legal rate from the date the benefits became overdue and reasonable attorney's fees as provided by Texas Insurance Code § 1952.157 (West 2019).

**WHEREFORE, PREMISES CONSIDERED**, **GREG RUMBAUGH** respectfully prays that **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** be cited to appear and answer his allegations and that, upon final hearing, it be ordered to pay all damages to which he and the Class are justly entitled, along with reasonable attorneys' fees, costs of court and such other legal or equitable remedies to which they are justly entitled.

Respectfully submitted,

By: /s/ *James Holmes*

James A. Holmes (Attorney in Charge)
State Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

***ATTORNEY FOR PLAINTIFF***



***OF COUNSEL***:

Linda Dedman
State Bar No. 24007098

Dana Harbin
State Bar No. 00784211

***DEDMAN LAW, PLLC***
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
(214) 361-8885
(214) 363-4902